IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY LARAY WALKER                                                                    PLAINTIFF

vs.                                      Civil No. 6:13-cv-06104

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Anthony Laray Walker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on December 6, 2010.  (Tr. 12, 105-112).  In his applications, Plaintiff claims to be disabled due to the following: high blood pressure, diabetes, left knee limitations, left shoulder limitations, and ulcers.  (Tr. 154).  Plaintiff alleges an onset date of August 8, 2009.  (Tr. 12, 105, 109).  These applications were denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

upon reconsideration. (Tr. 43-46). Thereafter, on September 30, 2011, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 64-71). Plaintiff's administrative hearing was held on July 24, 2012 in Hot Springs, Arkansas. (Tr. 24-42). Plaintiff was present at this hearing and was represented by counsel, Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE") Betsy Ford testified at this hearing. *Id.*

After this hearing, on September 19, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 9-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2012. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 8, 2009, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes, hypertension, left shoulder pain, and status post arthroscopy for left knee medial meniscus tear. (Tr. 14-15, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 17, Finding 8). The ALJ also determined Plaintiff was forty-two (42) years old on his alleged disability onset date. (Tr. 17, Finding 7). This is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except sit/stand option at will to perform job related activities and unskilled entry level employment only.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The ALJ determined Plaintiff's PRW included work as an oyster shucker (light), a pipe layer helper (very heavy), and a ditch digger (very heavy). *Id.* Based upon his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. *Id.*

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering his age, education, work experience, and RFC, the ALJ determined Plaintiff retained the capacity to perform the following representative occupations: (1) ticket seller (light) with 39,000 such jobs in the nation and 340 such jobs in Arkansas; and (2) cashier (light) with 1,700,000 such jobs in the nation and 14,000 such jobs in Arkansas (with the numbers reduced by 50% as a result of the sit or stand option). *Id.* In accordance with the VE's testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 8, 2009 through the date of his decision or through September 19, 2012. (Tr. 18-19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). On August 30, 2013, the Appeals Council denied this request for review. (Tr. 1-3). Thereafter, on September 24, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 4, 2013. ECF No. 6. Both Parties have filed

3

appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly found his impairments did not meet the requirements of Listing 1.06; (2) the ALJ erred by failing to consider him for a closed period of disability; (3) the ALJ erred in concluding he retained the RFC to perform light work; (4) the ALJ erred in failing to properly consider his low I.Q.; and (5) the ALJ erred in failing to submit a complete hypothetical to the V.E. ECF No. 9 at 1-18. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 15-17). Indeed, in this case, the ALJ did what was specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the medical evidence alone. *Id.* Notably, in his opinion, the ALJ stated he discounted Plaintiff's subjective complaints based upon his finding that Plaintiff's "medical records . . . do not provide a basis to support the level of severity alleged by the claimant." (Tr. 17). The ALJ also stated Plaintiff's testimony regarding his limitations "is considered credible to the extent it is consistent with the medical records discussed above." *Id.*

The ALJ's decision to discount Plaintiff's subjective complaints based upon his medical records alone is entirely prohibited by *Polaski*. 739 F.2d at 1322 (finding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

52 and 58.

**ENTERED this 6th day of October 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE